**TOWN OF NORWOOD, MASSACHU-SETTS, Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, and George P. Baker, Richard C. Bond, Jervis Langdon, Jr., Willard Wirtz, Trustees of the Property of Penn Central Transportation Company, Substituted for Penn Central Company as Parties Defendant.**

Civ. A. No. 69–1269–C.

United States District Court, D. Massachusetts.

Nov. 2, 1970.

Walter J. Gotovich, Town Counsel, Norwood, Mass., Charles F. Wheatley, Jr., William T. Miller, Grace Powers Monaco, Washington, D. C., for plaintiff.

Richard W. McLaren, George Edelstein, Dept. of Justice, Washington, D. C., Herbert F. Travers, Jr., U. S. Atty., James N. Gabriel, Asst. U. S. Atty., Robert W. Ginnane, Manny H. Smith, I. C. C., Washington, D. C., Richard J. Ferriter, Law Dept. of Penn Central, Westwood, Mass. (Trustees of Property of Penn Central) for defendant.

Before ALDRICH, Circuit Judge, WYZANSKI and CAFFREY, District Judges.

OPINION

CAFFREY, District Judge.

This matter came before the court on the basis of a motion for summary judg-

ment filed by plaintiff Town of Norwood, a cross-motion for summary judgment filed by defendant Penn Central Company, and a brief filed jointly by defendants United States and Interstate Commerce Commission, which brief was in the nature of an additional cross-motion for summary judgment.

In its motion, plaintiff alleged that the undisputed facts, as established by the administrative record, show (1) that the Interstate Commerce Commission relied upon extra-record evidence to support its decision filed July 31, 1969 denying plaintiff's petition for a declaratory order, and (2) that no legal discontinuance of railroad service occurred during the one-year period provided by the Commission's order of November 3, 1965.

The principal allegation in the motion of Penn Central for summary judgment was that the administrative record before the Interstate Commerce Commission, viewed as a whole, supports the Commission's finding that a legal discontinuance of railroad service to the Town of Norwood had been effected by the New Haven Railroad during the one-year period established in the Commission's order of November 3, 1965.

The facts necessary to an understanding of the controversy between the parties are that the New Haven Railroad filed a petition, on July 6, 1964, with the Commission, pursuant to Section 13a(2) of the Interstate Commerce Act (49 U. S.C. 13a(2)), seeking authority to discontinue all the passenger train service it then operated between Boston and Needham Heights, West Medway, Blackstone, and Dedham, Massachusetts. Prior to so doing, the New Haven had applied to the Massachusetts Department of Public Utilities for authority to discontinue the same intra-state trains and, as authorized by Section 13a(2), the Railroad then applied to the Commission when the state Department of Public Utilities allowed 120 days to expire without acting on its petition.

After appropriate notice and hearing, at which the Town of Norwood was represented and presented evidence, the Commission entered an order on November 3, 1965 granting the relief requested. The critical part of the Commission's order provided that "if the authority herein granted is not exercised within one year from the effective date thereof (i.e., on or before November 15, 1966), it shall be of no further force or effect." Plaintiff herein does not attack the proceedng leading up to, or the validity of, the Commission's November 3, 1965 order. What is at issue is whether or not the Railroad discontinued service within one year therefrom.

It appears from the record that on April 11, 1966, the New Haven posted notices in all passenger stations served by the trains involved herein that, effective at midnight, April 23, 1966, service by the New Haven would be terminated, pursuant to the authority contained in the Commission's order of November 3, 1965, and that, beginning April 25, 1966, service would be provided by the New Haven for the account of the Massachusetts Bay Transportation Authority (MBTA), pursuant to a contract between the New Haven and the MBTA. The nub of the instant controversy is whether this posting and the issuance of new timetables advising the commuting public of the new relationship between the New Haven and the MBTA, plus the fact of the New Haven's providing service thereafter only at the risk and the expense of the MBTA under said contract, amounts to a discontinuance within the meaning of the Commission's order of November 3, 1965.

A reading of the full report of the Commission, issued in conjunction with its November 3, 1965 order, makes it crystal clear that the considerations and bases for this order allowing discontinuance were primarily financial. In its "Conclusions and Findings", 327 I.C.C. 77, at 107, the Commission found:

"* * * and now the debilitating effect of these and other passenger service

operations is so acute that New Haven must either be accorded relief from the passenger service burden or face liquidation.

"It is recognized that the granting of the authority here requested would not provide a panacea for New Haven's passenger deficit problems or for its overall financial condition. However, it clearly would constitute a major necessary step. Obviously, New Haven, in its present weakened financial condition, does not have the resources to continue subsidizing services which produce net losses of the magnitude previously mentioned."

We are satisfied that the administrative record of the proceedings before the Commission contains substantial evidence on the basis of which a finding could properly be made that the New Haven Railroad terminated services within the one-year period allowed by the Commission's order of November 3, 1965. Consequently, we rule that when the New Haven Railroad was reduced to the role of a disclosed agent of a disclosed principal, it had discontinued the service within the meaning of the Commission's order of November 3, 1965, and, accordingly that there was no abuse of discretion on the part of the Commission in its order of July 31, 1969 denying plaintiff's petition for a declaratory order.

An examination of the record indicates that there were adequate facts made part of the record to support the finding of discontinuance and, consequently, there is no merit to plaintiff's contention that the Commission relied on extra-record evidence in support of its July 31, 1969 order.

An order will be entered allowing motion for summary judgment on behalf of the defendants United States, Interstate Commerce Commission, and Penn Central Company, and denying the motion for summary judgment of the plaintiff Town of Norwood.